UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PHILLIP SHULTERBRANDT, NANCY DEJESUS,
individually, DENISSE ARIAS by m/n/g
NANCY DEJESUS, LUZ MARTINEZ, individually,
YARITZA RAMIREZ by m/n/g LUZ MARTINEZ,

          Plaintiffs,

    -against-

THE CITY OF NEW YORK,
DETECTIVE MARIA LOPEZ-CRUZ [TAX 940392],
JOHN DOE believed to be POLICE OFFICER KENNY SMITH,
and JOHN AND JANE DOES 1-13,

          Defendants.
------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**



*[Stamp: RECEIVED MAY 31 2013 U.S.D.C. S.D.N.Y. CASHIERS]*

*[Judge Engelmayer]*

13 CV 3678

    Plaintiffs, PHILLIP SHULTERBRANDT, NANCY DEJESUS, individually, DENISSE ARIAS by m/n/g NANCY DEJESUS, LUZ MARTINEZ, individually, YARITZA RAMIREZ by m/n/g LUZ MARTINEZ, by and through their attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** complaining of the defendants herein, respectfully show the Court and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiffs, PHILLIP SHULTERBRANDT, NANCY DEJESUS, individually, DENISSE ARIAS by m/n/g NANCY DEJESUS, LUZ MARTINEZ, individually, YARITZA RAMIREZ by m/n/g LUZ MARTINEZ, individually, seek relief for the defendants' violations of their rights secured by the Civil

1

Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42, this being an action seeking redress for the violation of plaintiffs' constitutional and civil rights.

3. Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiffs respectfully request that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5. Venue herein is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiffs filed Notices of Claims with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notices of Claims, and adjustment or payment thereof has been neglected or refused.

7. That Plaintiffs have complied with all conditions precedent to the filing of state court claims and, pursuant to General Municipal Law § 50-H PHILLIP SHULTERBRANDT, NANCY DEJESUS, individually, DENISSE ARIAS by m/n/g NANCY DE JESUS, LUZ MARTINEZ, individually, YARITZA RAMIREZ by m/n/g LUZ MARTINEZ, were produced for statutory hearings. This action is commenced within one year and ninety days from the date the pendent claim herein accrued.

## JURY TRIAL DEMAND

8. Plaintiffs hereby demand a trial by jury of all issues in this action that are triable.

## PARTIES

9. Plaintiffs, PHILLIP SHULTERBRANDT, NANCY DEJESUS, and LUZ MARTINEZ are adults and at all times hereinafter mentioned are citizens of the United States residing in Bronx County, City and State of New York.

10. Plaintiffs, DENISSE ARIAS by m/n/g NANCY DEJESUS and YARITZA RAMIREZ by m/n/g LUZ MARTINEZ, are minors and at all times hereinafter mentioned are citizens of the United States residing in Bronx County, City and State of New York.

11. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant, THE CITY OF NEW YORK, is and was at all times relevant herein a

municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

13. Defendants DETECTIVE MARIA CRUZ-LOPEZ [TAX 940392], JOHN DOE believed to be POLICE OFFICER KENNY SMITH, and JOHN AND JANE DOES 1-13 are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to the 44th Precinct of the New York City Police Department. The defendants were at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK. The defendants were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The defendants are sued herein in their official and individual capacities.

## STATEMENT OF FACTS

14. On December 14, 2012 (the "date of the arrest"), at approximately 6:25 a.m., plaintiffs PHILLIP SHULTERBRANDT, NANCY DEJESUS, individually, DENISSE ARIAS by m/n/g NANCY DEJESUS were lawfully present and asleep inside of their apartment

located at 1160 Cromwell Avenue, Apt. 2B, Bronx County, City and State of New York (the "premises").

15. YARITZA RAMIREZ is an infant and friend of DENISSE ARIAS, and was lawfully present in the apartment as a guest.

16. At this time, the defendants kicked in or otherwise loudly and forcibly entered through the front door of the apartment.

17. Although there was no legal basis to do so, the defendants began searching the premises.

18. The search yielded no evidence of guns, drugs, or contraband.

19. The defendants were not invited into the premises, nor was their entry consented to by any of the plaintiffs, or any other individual authorized to so consent.

20. There were no exigent circumstances present that would permit the defendants to enter the premises absent a warrant or invitation.

21. The defendants did not display a warrant to justify their entry into the premises and refused to produce one after the plaintiffs asked.

22. If indeed a warrant had issued, it could only have been procured on false or otherwise misleading information as none of the residents of the apartment had engaged in any conduct that would have constituted probable cause for the issuance of a warrant to enter or search the premises.

23. The plaintiffs were not engaged in any suspicious or illegal conduct, and complied with defendants' requests at all times.

24. Despite the absence of any evidence of wrongdoing in the part of plaintiffs, the defendants continued to assault the plaintiffs and search their home.

25. The defendants handcuffed and detained plaintiffs for several hours inside of their apartment.

26. Despite the absence of any evidence of wrongdoing on the part of plaintiffs, the defendants formally arrested plaintiff Phillip Shulterbrandt.

27. Phillip Shulterbrandt was then taken to a local area precinct believed to be the 44th Precinct where he was given a Summons and was released.

28. Phillip Shulterbrandt's Summons was dismissed on February 5, 2013. Accordingly, plaintiff's charges were dismissed in his favor.

29. The decision to arrest and detain plaintiff was objectively unreasonable under the circumstances.

30. Plaintiffs Luz Martinez, individually, and Yaritza Ramirez by m/n/g Luz Martinez, do not reside at the premises.

31. Yaritza Ramirez by m/n/g Luz Martinez stayed at the premises overnight with her friend, plaintiff Denisse Arias by m/n/g Nancy Dejesus.

32. Plaintiff Luz Martinez went to the premises to pick up her daughter Yaritza Ramirez. Luz Ramirez knocked on the door and it was answered by a police officer who assured her that her daughter was inside the apartment. Defendants instructed Luz Martinez to leave and come back later. Luz Martinez was prevented from seeing her daughter for several hours.

33. At no time were any of the plaintiffs told what they were being charged with or why they were being held.

34. That the acts and conduct constituting the false arrest and false imprisonment of plaintiffs

consisted in part of the following; unlawfully and intentionally detaining and confining plaintiffs against their will and without their consent; unlawfully and intentionally detaining and confining plaintiffs without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiffs through the unlawful arrest of plaintiffs; unlawfully detaining and confining plaintiffs through the use of force; unlawfully arresting plaintiffs and placing plaintiffs in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiffs.

35. That plaintiffs were conscious of the false arrest and confinement.
36. Plaintiffs were arrested, detained, and Phillip Shulterbrandt was arraigned, pursuant to false information and allegations supplied by the defendants, or made on the basis of allegations supplied by the defendants.
37. The factual allegations sworn to by the defendants against plaintiffs were materially false and deliberately made to justify the illegal entry, search, arrest, and excessive force perpetrated by the defendants against plaintiffs.
38. It was objectively unreasonable for the defendants to arrest any of the plaintiffs, as there was no evidence that they had engaged in any unlawful conduct.
39. At no time did there exist sufficient cause to seize or arrest plaintiffs, nor could the defendants have reasonably believed that such cause existed.
40. At no time did there exist any basis to utilize any level of force against the plaintiffs, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

41. At no time did any of the individual defendants take any steps to intervene in, prevent, or otherwise limit the aforementioned conduct engaged in against the plaintiffs.

42. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct engaged herein as required.

43. That at all relevant time mentioned herein, the defendants were on duty and acting within the scope of their employment, and under color of law and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## AS AND FOR A FIRST CAUSE OF ACTION

44. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

45. By their conduct and actions in arresting, imprisoning, failing to intercede on behalf of plaintiffs and in failing to protect them from the unjustified and unconstitutional treatment they received at the hands of other defendants, the individual defendants, including the Doe defendants, individually and collectively, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused plaintiffs to be unlawfully subjected to excessive and unreasonable force and false arrest, and caused injury and damage in violation of the plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments. Defendants also subjected plaintiff Phillip Shulterbrandt to malicious prosecution.

46. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION

47. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

48. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants named herein, had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

49. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline its employees and police officers, including the individual and Doe defendants named herein, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, battery and assault and sustain a false arrest, thereby permitting the individual defendants to be in a position to violate plaintiffs' rights.

50. Defendant THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant THE CITY OF NEW YORK is aware of the persistent and substantial risk of improper and incorrect arrest and detention, and

effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens and which are officially tolerated by defendant THE CITY OF NEW YORK. Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiffs, in violation of plaintiffs' rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

51. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

52. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiffs herein.

53. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy,

practice, and custom of utilizing illegal and impermissible searches, arrests, detentions, malicious prosecution, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiffs' arrests.

54. The aforementioned customs, practices, procedures, and rules of the City and the NYPD are listed below in the following, non-exhaustive list of unconstitutional actions:

    a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c. Discouraging police officers from reporting the corrupt or unlawful acts of others;

    d. Retaliating against officers who report police misconduct; and

    e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

55. The existence of unconstitutional customs and policies, including those detailed herein, may be inferred from repeated occurrences of similar unconstitutional, illegal, and wrongful conduct, as documented in numerous civil actions, including, but not limited to, the following:

    a. *Thompson v. City of New York*, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

    b. *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c. *Zabala v. City of NewYork*, 37711/2010 (Sup. Ct. Kings Co.);

    d. *Ashe v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

    e. *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

    f. *Moise v. City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

11

    g. *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (S.D.N.Y.);

    h. *Carmody v. City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i. *McMillan v. City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j. *Avent v. City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.).

56. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anectodal evidence of repeated, widespread falsification by arresting police officer of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration – through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

57. It is therefore axiomatic that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

58. As a direct result of defendants' actions, plaintiffs suffered a denial of their federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiffs by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A § 1983.

59. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of

quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION

60. Plaintiffs repeat and reiterate the foregoing allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

61. The defendants' actions in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

62. More precisely, under this policy or plan, officers within the Narcotics Bureau, including the individual defendants, would secure warrants to search social clubs, apartments, and other locations, and, if any contraband was found, routinely arrest all persons found therein, regardless of whether there was any factual basis for the charges. The arresting officer(s) would then make false statements of fact as to seeing narcotics in plain view or otherwise in the possession of each of the persons arrested.

63. The purposes of this policy or plan was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

64. In addition, members of the Narcotics Bureau are evaluated, at least in part, on the basis of their "activity" which is measured by the number of arrests made, search warrants secured, and other, similar criteria. Thus, members of the Narcotics Bureau routinely make arrests and engage in other police activity without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

65. The policy or plan was kept in effect from, at least, 2006 through, at least, the date of

plaintiffs' arrests, despite the municipal defendant's knowledge that the individuals arrested were not being charged or that there was insufficient evidence to justify the arrests that the arresting officers were seeking to bolster the arrests with false allegations, and that the prosecuting officers often had found insufficient cause to justify the imposition of charges or continued prosecution is charges were filed.

66. In October 2011, following a bench trial in New York State Supreme Court, Kings County, under indictment number 06314-2008, former NYPD narcotics officer Jason Arbeeny was convicted of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the trial judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics division maintains a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

67. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

68. Defendant City of New York created, approved or condoned the practice and policy, as carried out by the Narcotics Bureau, of making wholesale arrests without probable cause in order to create false or misleading arrest numbers.

69. By reason thereof, the defendant has violated Title 42 U.S.C.A § 1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the

14

deprivation of liberty, and the loss of their constitutional rights.

## AS AND FOR A FOURTH CAUSE OF ACTION

70. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

71. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiffs for the acts complained of herein under the theories of vicarious liability and *respondent superior*.

72. On August 1, 2012 at the aforementioned location, plaintiffs were detained and held under the imprisonment and control of the defendants under false pretenses.

73. That on or about August 1, 2012, due to the negligence of the defendants, theirservants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the plaintiffs without warrant, authority of law or probable cause therefore.

74. That the acts and conduct on the part of the individual defendants, individually and collectively, constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining plaintiffs against their will and without their consent; unlawfully and intentionally detaining and confining plaintiffs without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiffs through the unlawful arrest of plaintiffs; unlawfully detaining and

confining plaintiffs through the use of force; unlawfully arresting plaintiffs and placing plaintiffs in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiffs.

75. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

76. That the plaintiffs were conscious of the confinement.

77. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiffs were caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

78. By the individual and collective actions described above, the individual defendants and THE CITY OF NEW YORK caused plaintiffs to be falsely arrested and/or falsely imprisoned without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

79. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION

80. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

81. That on the aforementioned date, time and place, the defendants committed the tort of battery against the plaintiffs by causing them to suffer physical harm, and in so doing the defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiffs' rights under New York Law.

82. Defendant THE CITY OF NEW YORK is vicariously liable to the plaintiffs for the individual defendants' common tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

83. That by reason of the battery, the plaintiffs were harmed physically while unlawfully detained, and that the plaintiffs were otherwise harmed as a result of the defendants' actions.

84. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

### AS AND FOR A SIXTH CAUSE OF ACTION

85. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

86. That on the aforementioned date, time and place, the defendants committed the tort of

assault against the plaintiffs by causing them to be in apprehension of imminent, harmful and offensive touching and in so doing, defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiffs' rights under New York Law.

87. That the defendant THE CITY OF NEW YORK is vicariously liable to the plaintiffs for the individual defendants common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

88. That by reason of the aforesaid committed by the defendants, plaintiffs suffered and continue to suffer physical injury and that they were otherwise damaged.

89. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION

90. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

91. Defendants negligently caused injuries, emotional distress and damage to the plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

92. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional

distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

93. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

94. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual defendants. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

95. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR AN NINTH CAUSE OF ACTION

96. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

97. Defendants negligently caused emotional distress and damage to the plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiffs and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

98. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

99. That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed

ONE MILLION (1.000,000.00) DOLLARS and that an award of attorney's fees is appropriate pursuant to 42 USC § 1988.

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empanelling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorneys' fees;

e. Such other further relief as this court may deem appropriate and equitable.

Dated: New York, New York
May 30, 2013

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiffs*

By: _____
JESSICA MASSIMI (JM-2920)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

20